UNITED STATES, Appellee

v.

ANTHONY B. UZZO, Corporal, U. S. Army, Appellant

3 USCMA 563, 13 CMR 119

No. 2545

Decided December 24, 1953

John J. Corcoran, Esq., Maj Edwin Doran, U. S. Army, and 1st Lt Justin L. Vigdor, U. S. Army, for Appellant.

Lt Col William R. Ward, U. S. Army, Maj Irvin M. Kent, U. S. Army, 1st Lt Bernard A. Feuerstein, U. S. Army, and 1st Lt Elliott H. Eisman, U. S. Army, for Appellee.

Opinion of the Court

ROBERT E. QUINN, Chief Judge:

A general court-martial in Germany convicted the accused of desertion with intent to remain away permanently in

violation of Article 85, Uniform Code of Military Justice, 50 USC § 679. He was sentenced to dishonorable discharge, total forfeitures and confinement at hard labor for two years. Intermediate appellate tribunals have affirmed the findings and sentence. We granted the accused's petition for review to determine the sufficiency of the evidence.

The charge was predicated upon an unauthorized absence which commenced on January 4, 1952, and terminated August 18, 1952. Upon his arraignment, the accused pleaded guilty to the lesser included offense of absence without leave for the period alleged in violation of Article 86, 50 USC § 680, but not guilty to the offense charged. Thereafter, the prosecution presented evidence consisting solely of duly authenticated extract copies of morning reports establishing the dates of inception and of termination of the absence.

In explanation of this absence, the accused testified that he was the father of two children born to a German girl to whom he was engaged. When he learned that he was scheduled to return to the United States on rotation he applied to his superiors for the requisite permission to marry, in order to bring her and the children to this country on a non-quota visa. While on leave, which was to expire January 3, 1952, he learned that his date of departure had been accelerated and he was to sail on January 9. He then inquired about the status of his request for permission to marry, and was told that it had been denied. The following day he conferred with a representative of the American Consulate in Frankfort, and learned that his fiancee might possibly be placed upon an immigration quota for entry into the United States. It was estimated that completing her application and procuring the necessary supporting documents would take from three to six months. He, therefore, remained absent without leave to assist in the collection of the necessary documents, and intended to return to military control when he had done so. During the entire period of his absence, he lived at the home of his fiancee, in Weisbaden, Germany. He wore his uniform at all times, and did not engage in any civilian occupation. He supported himself with funds accumulated prior to his absence. On August 16, 1952, his mother wrote to him enclosing required affidavits of support, and advising him that she had informed an agent of the Federal Bureau of Investigation of his address. Two days later he was apprehended by military police.

His fiancee corroborated this explanation in every particular. Called as a witness by the court, the assistant personnel officer of the accused's organization testified the accused's application was denied on February 5, 1952, with the notation that he had deserted. He also asserted that before such an application could be granted the accused was required by existing regulation to produce a certified check in an amount sufficient to defray the cost of the transportation of his dependents to the United States. It did not appear that the accused had submitted such a check.

Desertion is defined by Article 85, supra, as absence without leave accompanied by an intent not to return. In the instant case, there was no dispute as to the element of unauthorized absence, for this was admitted by the accused's plea and his testimony in open court. The sole issue before the court-martial was the existence of the requisite intent either at the commencement of the absence, or at any time during its continuance. Since the court-martial resolved this issue adversely to the accused, the only question presented is whether the evidence of record justified such a determination beyond a reasonable doubt. United States v. Ferretti, 1 USCMA 323, 3 CMR 57; United States v. Cirelli, 1 USCMA 568, 4 CMR 160.

The prolonged nature of the accused's absence was sufficient basis for an inference that he intended to remain away permanently. In this particular, Manual for Courts-Martial, United States, 1951, paragraph 164a, provides:

"If the condition of absence without proper authority is much prolonged and there is no satisfactory explanation of it, the court will be

justified in inferring from that alone an intent to remain absent permanently."

Had no other evidence been presented there would be no doubt of the sufficiency of the evidence in ■■■■ this case. However, the defense contends that the corroborated and uncontradicted explanation of the absence presented by the accused compelled a conclusion that he intended to return. Accordingly, the quoted provision of the Manual is inapplicable and the findings must be set aside.

The sole reason ascribed by the accused for his absence was his desire to assist in the preparation of an application for immigration to be submitted by his intended wife. However, the information required by this application was within her knowledge, and with the single exception of the affidavits of support, the required documents and other exhibits were either procured by her, or were to be procured by her. Nothing he did or intended to do. required a period of seven and one-half months. Consequently, although the accused professed an intention to return, the court was justified in rejecting this assertion. United States v. Ferretti, supra; United States v. West, 1 USCMA 590, 5 CMR 18.

The accused's testimony also supplied strong support for the Government's case. It revealed that the unauthorized absence occurred on the very eve of his scheduled departure for the United States, and followed the denial of his request for permission to marry. It established a termination of the absence under circumstances consistent with an intent to remain absent permanently. Finally, it suggested a strong motive for permanently abandoning the military service.

We conclude that there was sufficient evidence to support the finding of the court-martial.

Accordingly, the decision of the board of review is affirmed.

Judges LATIMER and BROSMAN concur.